PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSE CANO VALENCIA, | ) | CASE NO. 4:11CV00048 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| RODDIE RUSHING, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

*Pro se* Plaintiff Jose Cano Valencia filed this civil rights action against Northeast Ohio Correctional Center ("NEOCC") Warden Roddie Rushing, Corrections Corporation of America ("CCA"), NEOCC Corrections Officer James Giles, and NEOCC Disciplinary Hearing Officer Jason Cominsky. ECF No. 1. In the Complaint, Plaintiff alleges that Defendant Officer Giles inappropriately touched him and Warden Rushing did not properly respond to his grievances. He seeks monetary and injunctive relief. ECF No. 1 at 3, 5.

## I. Background

Valencia alleges that he was going to the recreation yard in the segregation unit of NEOCC when Corrections Officer Giles improperly touched his buttocks. ECF No. 1 at 3. He states it was the third time something like this had occurred, and while "one time is excusable," three times is not. ECF No. 1 at 3. Valencia does not elaborate on the context of this incident; however, the Complaint suggests that the touching may have occurred during a search or pat down. ECF No. 1 at 4. Valencia alleges that he spoke with the "S.I.S." officer who explained

(4:11CV00048)

that the Chief of Security instructed the officers to check the inmates in that manner. ECF No. 1 at 4. Valencia subsequently complained to the Warden and did not get his desired response. ECF No. 1 at 4. He claims he is the victim of sexual harassment. ECF Nos. 1 at 3-4; 1-1 at 3.

Valencia includes a claim of retaliation in his Complaint. The factual basis for the retaliation claim is difficult to determine from the body of the pleading. Valencia explains that because he exercised his right to ask the Court for redress, the Chief of Security told Valencia to "watch [his] back." ECF No. 1 at 4. Valencia indicates that during his disciplinary hearing, Officer Cominsky told him that he was lying and advised him to "watch what [he does]." ECF No. 1-1 at 3.

Exhibit A to the Complaint suggests Valencia received a conduct violation for assault after urinating on a female corrections officer. ECF No. 1-1 at 5. Valencia states an assault by definition requires the use of lethal force, and therefore urination does not qualify. He also states "99% of the times everyone is found guilty by the D.H.O. because the other % plead guilty." ECF No. 1-1 at 5.

Finally, Valencia states he and other inmates in segregation were denied a "Christmas bag." ECF No. 1 at 4. He asserts this is a denial of Equal Protection. ECF No. 1 at 4.

## II. Discussion

Although *pro se* pleadings are liberally construed,[1] the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief

---

[1] *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (*per curiam*); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972).

(4:11CV00048)

can be granted or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989); *see Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *see also Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*.

In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the Court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

(4:11CV00048)

### A. Sexual Harassment

Valencia first claims that he was subjected to sexual harassment. While he does not provide any indication of the constitutional right that has allegedly been violated, he describes unwelcome physical contact by Officer Giles. ECF No. 1 at 3-4. The Court liberally construes this as an Eighth Amendment claim.

Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The Supreme Court in Wilson v. Seiter, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts that, if true, establish that a sufficiently serious deprivation has occurred. Id. Seriousness is measured in response to "contemporary standards of decency." Hudson v. McMillian, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. Id. Rather, only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. Id. at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. Id. Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. Whitley v. Albers, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. Id. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

"Sexual abuse of a prisoner by a corrections officer may in some circumstances violate

-4-

(4:11CV00048)

the prisoner's right to be free from cruel and unusual punishment." *Boddie v. Schnieder*, 105 F.3d 857, 860-61 (2d Cir. 1997); *see Jackson v. Madery*, Case No. 04-1805, 04-1871, 2005 WL 3077136, at *5 (6th Cir. Nov. 17, 2005). Not every unpleasant experience a prisoner might endure while incarcerated, however, violates the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir.1987)*. While severe or repetitive sexual abuse of an inmate by a prison officer can be sufficiently serious to objectively constitute an Eighth Amendment violation, isolated or relatively minor incidents of alleged sexual harassment, do not rise to the level of cruel and unusual punishment. *See Jackson*, 2005 WL 3077136, at *5 (finding no Eighth Amendment violation where female guard rubbed and grabbed male prisoner's buttocks during a shakedown).³

In order to state an Eighth Amendment claim, the plaintiff must show that he suffered a physical injury. *See* 42 U.S.C. §1997e(e). The physical injury required by §1997e(e) for a §1983

---

³ *See also Boddie*, 105 F.3d at 861 (finding no Eighth Amendment violation where female guard squeezed a male prisoner's hand, touched his penis, and made sexually suggestive comments); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (finding no Eighth Amendment violation where a male officer placed his hand on a male prisoner's buttock in a sexual manner and made an offensive sexual remark); *Berryhill v. Schriro*, 137 F.3d 1073, 1075 (8th Cir.1998) (finding no Eighth Amendment violation where inmate complained of two brief touches to his buttocks); *Allen v. Johnson*, 66 Fed. Appx. 525 (5th Cir.2003) (finding no Eighth Amendment claim where male guard touched a prisoner in a sexual manner during routine pat-down searches); *Colston v. McLeod*, No. 2:09-cv-240, 2011 WL 673941, at *4-7 (W.D.Mich. Feb. 17, 2011)(finding no Eighth Amendment violation where a female guard rubbed the buttocks of a male inmate, grabbed his penis during pat-downs, and twice hugged and kissed him); *Myles v. Gaskill*, No. 1:09-cv-177, 2010 WL 2035730, at *3-5 (W.D.Mich. Jan. 8, 2010) (finding no Eighth Amendment violation where male guard "grabbed" a male prisoner's buttocks during a pat down search); *Cherry v. Frank*, No. 03-129, 2003 WL 23205817, at * 12 (W.D.Wis., Dec. 4, 2003) (stating that the touching of an inmate's genitalia during a pat down or body search does not rise to the level of an Eighth Amendment violation unless it involves an wanton infliction of pain).

(4:11CV00048)

claim need not be significant; rather, it must be more than *de minimis* for an Eighth Amendment claim to go forward. Myles v. Gaskill, No. 1:09-cv-177, 2010 WL 2035730, at *3-5 (W.D.Mich. Jan. 8, 2010).

Taking Valencia's allegations as true, the incident does not rise to the level of cruel and unusual punishment under the Eighth Amendment. He states, without explanation of the context in which the incident occurred, that the officer touched his anus. ECF No. 1 at 3. He complained that it was the third time that the officer contacted him in this manner. ECF No. 1 at 3. Valencia indicates that he had found the first two incidents excusable so he did not report them to supervisory officials. ECF No. 1 at 3. As a result of his grievance, he was informed that the Chief of Security instructed the officer "to check [inmates] like that . . . . " ECF No. 1 at 4.

The alleged episode at issue here appears to be isolated, brief, and not severe. Even if it occurred on two other occasions, the cumulative result does not constitute infliction of egregious harm. Absent additional allegations to the contrary, Officer Giles' actions do not rise to the level of a constitutional violation.

### B. Retaliation

Valencia next asserts that Disciplinary Hearing Officer, Jason Cominsky, retaliated against him for exercising his right to ask the Court for redress. ECF No. 1 at 4. To state a *prima facie* case for retaliation, a plaintiff must establish he engaged in protected conduct; an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and a causal connection exists between the first two elements. Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999). Valencia has not included

-6-

(4:11CV00048)

sufficient allegations in his Complaint to state a viable cause of action.

An inmate has a First Amendment right to file grievances and non-frivolous civil actions against prison officials. See *Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996). To state a constitutional claim, however, Valencia must not only show he exercised this First Amendment right, but he also must demonstrate that adverse actions were taken against him that were motivated, at least in part, by the grievances or lawsuits he filed. *Thaddeus-X*, 175 F.3d at 394.

Valencia does not specify how he exercised his right to ask the court for redress. He may be referring to the grievances he filed regarding Officer Giles, but he does not state that within his Complaint. Valencia states that during a conduct hearing for urinating on an officer, Cominsky accused him of lying and told him to watch what he does. ECF Nos. 1 at 4; 1-1 at 3. He does not provide any factual allegations to suggest how the grievances regarding Officer Giles were connected to the conduct hearing. Although Valencia is not required to provide detailed factual allegations at the pleading stage, his Complaint must include more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. His retaliation claim does not meet the minimal pleading standards of Rule 8 of the Federal Rules of Civil Procedure.

**C. Equal Protection**

Finally, Valencia's equal protection claim is without merit. In making an equal protection challenge, Valencia bears the initial burden of demonstrating that a discrimination of some substance has occurred against him which has not occurred against other individuals who were similarly situated. *City of Cleburne,Texas v. Cleburne Living Center*, 473 U.S. 432, 439 (1985); *Clements v. Flashing*, 457 U.S. 957, 967 (1982). He alleges inmates in segregation were

-7-

(4:11CV00048)

denied a "[C]hristmas bag" when inmates in the general prison population were given a bag. ECF No. 1 at 4. Valencia was housed in segregation when the bags were distributed. ECF No. 1 at 4. He is not alleging other inmates in segregation received the bags while he was denied the benefit, and he was not similarly situated to inmates in the general prison population.

Even if Valencia had shown differential treatment, he has not demonstrated a constitutional violation. Merely treating two groups differently does not violate the Equal Protection Clause. *Rawls v. Sundquist*, No. 96-5931, 1997 WL 211289, at *1 (6th Cir. Apr. 28, 1997). The Constitution does not require absolute equal treatment of all similarly situated persons or the absolute equal division of government benefits. *Ross v. Moffitt*, 417 U.S. 600, 612 (1974). In the absence of a deprivation of a fundamental right or deprivation based on a suspect classification, equal protection requires differing governmental treatment of groups or individuals to be based on no more than a rational relationship to a legitimate state purpose. *New Orleans v. Dukes*, 427 U.S. 297, 303 (1976).

Prisoners are not a suspect class; therefore, the Court must determine whether Valencia was deprived of a fundamental right. A fundamental right is one that is explicitly or implicitly guaranteed by the Constitution. *San Antonio Independent School Dist. v. Rodriguez*, 411 U.S. 1, 33 (1973). Receiving a "Christmas bag" is not explicitly or implicitly guaranteed by the Constitution and is not a fundamental right. Therefore, the prison's policy need only bear a rational relationship to a legitimate state interest. *City of Cleburne*, 473 U.S. at 440. That is, only if the Court can find no set of facts that could possibly support the distinction drawn by the government will it overturn state action. *McGowan v. Maryland*, 366 U.S. 420, 426 (1961).

(4:11CV00048)

Maintaining discipline and safeguarding institutional security are important state interests. *Bell v. Wolfish*, 441 U.S. 520, 546-47 (1979). The Warden's policy of denying privileges to inmates in punitive segregation is rationally related to a state interest and does not violate the Fourteenth Amendment.

### III. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

| | |
|---|---|
| July 5 , 2011 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[4] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.